STATE OF NORTH CAROLINA v. DR. ROBERT FRANKS

No. 7316SC804

(Filed 12 December 1973)

1. **Criminal Law § 92— consolidation of charges for trial**

    The trial court properly consolidated for trial eight charges against defendant for obtaining telephone service by use of a fictitious telephone credit number.

2. **Criminal Law §§ 34, 169— use of fictitious telephone credit number — evidence of other calls**

    In a trial of defendant upon eight charges of obtaining telephone service by use of a fictitious telephone credit number, error, if any, in the admission of testimony that defendant had made 285 calls by the use of the same fictitious number was not prejudicial in light of the State's evidence pointedly establishing defendant's guilt of making the eight calls with which he was charged; furthermore, defendant waived objection to such testimony when testimony of the same import was thereafter admitted without objection.

3. **Criminal Law § 80; Evidence § 29— use of fictitious telephone credit number — evidence of rejection of number by computer**

    In a prosecution upon eight charges of obtaining telephone service by use of a fictitious telephone credit number, the trial court properly admitted testimony that the charges for the telephone calls were rejected by the telephone company's computer because they would not match up with an assigned credit number and that the witness

investigated company records and found that the credit number was fictitious.

**4. Criminal Law § 84— legality of search — failure to hold voir dire at time requested**

    Defendant was not prejudiced by the trial court's failure to hold a *voir dire* at the time defendant requested it to determine the legality of a search of defendant where the court thereafter conducted a *voir dire* before the State completed the testimony concerning the evidence seized and concluded that the search was legal.

**5. Criminal Law § 84— legality of search — voir dire — failure to make findings**

    Failure of the trial court to make findings of fact following a *voir dire* hearing to determine the legality of a search and seizure was not error where defendant offered no evidence on the *voir dire* and the State's evidence was uncontradicted.

ON *certiorari* to review a trial before *McLelland, Judge,* 9 April 1973 Session of Superior Court held in ROBESON County.

Defendant was charged in eight warrants with obtaining telephone service by the use of a fictitious telephone credit number in violation of G.S. 14-113.1. He was found guilty in District Court upon each of the eight charges. Upon appeal to the Superior Court he was tried *de novo* before a jury and again found guilty of each of the eight charges.

The State's evidence tended to show the following: Each of the eight telephone calls which were charged to the telephone credit number in question was from the Lumberton area (in Robeson County) and to a Mr. Nelson in Greensboro, N. C. The eight telephone calls were made during July, August, and September of 1972. During July, August, and September of 1972, defendant was confined in the Robeson County Prison Unit. During these months defendant made a telephone call every day from the pay telephone which was available to prisoners. Each time that he made a call he would give the operator a credit card number. A Nelson N. Johnson who identified himself as working for both a Youth Organization for Black Unity and as a consultant for the Commission on Racial Justice testified that he received calls in Greensboro from a person who identified himself as Dr. Robert Franks during the months in question. Each of the eight telephone calls in question was made by giving the operator telephone credit number 175-8669-072-M. After the toll ticket was made out by the operator, the charge was rejected by the IBM equipment because it would not match up

with an assigned number. Thereafter, it was determined by Southern Bell Telephone Company that such an account number did not exist. There was a total of 285 calls made by giving the operators this credit number.

The State's evidence further tends to show that when defendant was searched in November 1972 he was carrying in his pocket a calendar notebook upon one sheet of which was written the fictitious number 175-8669-072-M. Also in this same calendar notebook the following was written: "Student Youth Black Organization — Unity — YOBU — Comrade Nelson N. Johnson." Following this notation there were the two Greensboro telephone numbers to which the eight telephone calls had been made.

The defendant offered no evidence.

*Attorney General Morgan, by Assistant Attorney General Giles, for the State.*

*Musselwhite, Musselwhite and McIntyre, by Charles S. McIntyre, Jr., for the defendant.*

BROCK, Chief Judge.

[1]   The trial judge is expressly authorized by G.S. 15-152 to order consolidation for trial of two or more charges in which defendant is charged with crimes of the same class. Defendant has failed to show prejudicial error in the consolidation of the eight charges against the defendant in this trial.

[2]   Defendant assigns as error that the trial judge permitted testimony concerning 285 calls which had been made with the use of the same fictitious number. Defendant argues that he was charged only with making eight calls and that evidence as to the other 277 calls was prejudicial to him. Defendant is in no position to complain of this testimony. Although defendant made objections to some references to 285 calls, the following testimony was admitted without objection: "Some of the other 285 calls originated over in Rockingham. There is a prison camp over there. My investigation revealed that the defendant was an inmate over there." The admission of testimony over objection is ordinarily harmless when testimony of the same import is theretofore or thereafter introduced without objection. 3 Strong, N. C. Index 2d, Criminal Law, § 169, p. 132. In any event in view of the evidence pointedly establishing defendant's use of

State v. Franks

the fictitious number to make the eight calls to Greensboro, if it were error to permit reference to the 285 calls, it was harmless.

[3]  Defendant assigns as error the admission of testimony to establish that the charges for the telephone calls were rejected by the computer. The witness explained how the charge was initiated and placed upon a punch card; that this punch card was supposed to match an account by that number; that the computer was unable to match the charge number with an existing account; and that it was rejected by the computer. The witness further testified that he personally investigated the company records and found that the charge number was fictitious. We see no error in the admission of this evidence. If entries are made in the regular course of business, at or near the time of the transaction involved, and are authenticated by a witness who is familiar with them and the system under which they were made, they are admissible. *See,* Stansbury, North Carolina Evidence, Brandis Revision, § 155.

[4, 5]  Defendant assigns as error the admission of evidence seized as a result of a search of defendant's person while in custody of the Department of Correction as a prisoner. When the warrants in these cases were brought to the unit of the Department of Correction from which defendant was scheduled to be discharged, the Sergeant in charge searched defendant prior to placing him in the lockup. During this search, the pocket calendar notebook was seized containing the fictitious account number and the two telephone numbers in Greensboro to which the eight calls in question were placed. Defendant complains that the trial court failed to conduct a voir dire at the time defendant requested it to determine the legality of the search. Although the trial court did not hold the voir dire at the time requested by defendant, the voir dire was later conducted and the search was found to be legal. This was done before the State completed the testimony concerning the evidence seized. The trial court having found, upon competent evidence, that the search was legal, we hold that the failure to conduct the voir dire at the time requested by defendant was not prejudicial. Defendant's further argument that the trial judge failed to find the facts upon which he concluded the search to be legal must fail. Defendant offered no evidence on voir dire, and the State's evidence which supports the trial court's conclusion is uncontradicted. There was no requirement for findings of fact under these circumstances.

We have given careful consideration to defendant's remaining assignments of error and find them to be without merit.

No error.

Judges CAMPBELL and PARKER concur.